12-462-cv
Christensen v. Cnty. of Dutchess

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand thirteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

MAUREEN CHRISTENSEN,

         Plaintiff-Appellant,

         -v.-                                No. 12-462-cv

COUNTY OF DUTCHESS, NEW YORK, ADRIAN ANDERSON, DUTCHESS COUNTY SHERIFF, THE DUTCHESS COUNTY SHERIFF'S DEPARTMENT, MARK BATTISTONI,

         Defendants-Appellees,

         and

DONALD CUMMINGS,

         Defendant.
- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:** ROBERT N. ISSEKS (Alex Smith, on the brief), Middletown, NY.

**FOR DEFENDANTS-APPELLEES COUNTY OF DUTCHESS, NEW YORK, ADRIAN ANDERSON, DUTCHESS COUNTY SHERIFF, and THE DUTCHESS COUNTY SHERIFF'S DEPARTMENT:** MICHAEL A. MIRANDA, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY.

**FOR DEFENDANT-APPELLEE MARK BATTISTONI:** MARK BATTISTONI, pro se, Millbrook, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Smith, Mag. J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Maureen Christensen appeals from the (1) dismissal of her equal protection claim and (2) denial of her motion for a new trial on her remaining substantive due process claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

1. Equal Protection Claim. After the jury heard all the trial evidence but before it returned a verdict, the district court dismissed Christensen's equal protection claim for lack of evidence of sex discrimination. We review de novo, see Peters v. Baldwin Union Free School Dist., 320

2

F.3d 164, 167 (2d Cir. 2003), and uphold the district court's dismissal only if the record reveals no "legally sufficient evidentiary basis" for "a reasonable jury" to return a verdict in favor of Christensen, Fed. R. Civ. P. 50(a)(1).

As the district court recognized, Christensen failed to introduce evidence that any actionable discrimination or harassment was motivated by her sex.  The evidence suggested that Christensen was subjected to rumors and investigated because of (1) a potentially inappropriate relationship with an inmate, and (2) the intense animosity between her husband and Mark Battistoni, who allegedly spread the rumors.  As the district court concluded, "this had to do with behavior" and not "with gender."  Our reasoning in Brown v. Henderson is instructive:  "[T]here is overwhelming evidence that the hostility toward [plaintiff] was grounded in workplace dynamics unrelated to her sex and that even [harassing] pictures did not reflect an attack on [plaintiff] *as a woman*."  257 F.3d 246, 255-56 (2d Cir. 2001).[1]

---

[1] Christensen cites to cases from outside this circuit that acknowledge the "stereotypical notion that a woman will use sex to advance in the work place," Appellant's Br. at 36, and conclude that rumors based on this stereotype may constitute sex discrimination.  See Spain v. Gallegos, 26 F.3d 439, 448 (3d Cir. 1994).  But it is a long way from

3

2. Motion for New Trial. Christensen's remaining due process claim went to the jury, which unanimously answered "no" to the question of whether Christensen "established, by a preponderance of the evidence, that a Dutchess County employee . . . uttered statements about [her] that were injurious to [her] reputation, that were made public, and that [she] claims were false."  Christensen did not object to the jury instructions and therefore waived any objections to their form.  See Lavoie v. Pac. Press & Shear Co., 975 F.2d 48, 55 (2d Cir. 1992) ("Failure to object to a jury instruction or the form of an interrogatory prior to the jury retiring results in a waiver of that objection.").  The district court denied Christensen's motion for a new trial based on the court's "best recollection of the evidence, and its own observations of the testimony offered at trial."

"The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an

_____

such a stereotype to the one Christensen says motivated discrimination in her case: "that a female jail official who is repeatedly alone with a male prisoner for long periods of time must be having sex with that prisoner."  Appellant's Br. at 36.  The entirely legitimate concern that a jail official, of either sex, may be engaged in an unusual and inappropriate relationship with an inmate has little to do with the kind of discriminatory sex stereotyping in Spain.

action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (internal quotation marks and alteration omitted). Because we accord a "high degree of deference" to the "jury's evaluation of witnesses credibility, . . . jury verdicts should be disturbed with great infrequency." Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 418-19 (2d Cir. 2012); see also DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1998) ("[T]he court should only grant such a motion when the jury's verdict is 'egregious.'"). A district court's "denial of a motion to set aside a verdict as against the weight of the evidence . . . is not subject to appellate review." Lightfoot v. Union Carbide Corp., 110 F.3d 898, 910 (2d Cir. 1997). Instead, "the loser's only appellate recourse is to challenge the legal sufficiency of the evidence." Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp., 73 F.3d 1178, 1199 (2d Cir. 1995).

Christensen does not demonstrate that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice.  The jury could reasonably have found that Christensen failed to establish by a preponderance of the evidence that a Dutchess County employee uttered statements injurious to her reputation.  The jury heard evidence that Christensen's professional reputation was unimpaired because she was due to retire anyway and successfully established a private practice post-retirement.  In light of its verdict in favor of Battistoni, the jury could reasonably have concluded that Christensen *did* engage in inappropriate conduct with an inmate, and that it was this conduct rather than any statements by others that injured her reputation.  Regardless of why the jury answered the way it did, it had enough evidence before it to arrive at that answer.

We have considered all of Christensen's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6